UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV417-152 |
| | ) |
| HAYLEY SHETH INVESTMENTS, | ) |
| LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Anthony Oliver brings this employment discrimination action against his former employer. *See* doc. 1. Oliver alleges that Hayley Sheth Investments, LLC -- the entity responsible for the management of "Country Inn" or "Country Inn & Suites" -- is located in Port Wentworth, Georgia. *See* doc. 1. He alleges that he was hired as a "front desk manager" at Country Inn and performed his first training shifts well. *See id.* at 4. After his second shift, however, the individual who hired him (identified only as "Nick") questioned Oliver about his sexual orientation. *Id.* at 5. Several days later that same individual terminated Oliver's employment "due to the fact that Nick and [defendant Hayley Sheth Investments] felt that [he] was lying to

management about his sexual preferences." *Id*. He further alleges that "Nick" reiterated that his termination was based on his perceived sexual preference when he "informed [Oliver] that he (Nick) cannot have gay people working for him, or at his hotel because it's bad for 'all types of business.'" *Id*. at 6.

Oliver claims that conduct violated Title VII and constituted tortious intentional infliction of emotional distress. *Id*. at 7-8. He seeks damages and an injunction directing "the Georgia Secretary of State to suspend, terminate, and/or vacate any and all State business licenses against the Defendant, and its subsidiary corporations." *Id*. at 9. He further filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) on July 10, 2017, *see* doc. 1 at 3, and a Right to Sue Notice was issued on July 13, 2017, *see id*., Exh. A. He filed his Complaint on August 14, 2017. *See id*. It appears, therefore, that Oliver's Complaint is timely and that he has exhausted his administrative remedies.[1]

---

[1] "For an EEOC charge to be timely[,] . . . [it] must be filed within 180 days of when the alleged violation occurred. 42 U.S.C. 200e-5(e)(1); *Wilkerson* [*v. Grinnell Corp.*] 270 F.3d [1314,] . . . 1317 [(11th Cir. 2001)]. Once the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days in which to file suit on her claims in district court. 42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000)." *Abram v. Fulton Cty. Gov't*, 598

In a prior Order, the Court stayed the case pending the outcome of the petition for *certiorari* (review by the Supreme Court) in *Evans v. Georgia Regional Hosp.*, S.D. Ga. No. CV415-103. In that case, the Eleventh Circuit held that "binding precedent forecloses" a claim under Title VII based on "workplace discrimination because of [a plaintiff's] sexual orientation." *Evans v. Ga. Regional Hosp.*, 850 F.3d 1248, 1255 (11th Cir. 2017) (citing *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979)). This case added to the split between the circuits on whether sexual orientation discrimination is actionable. *See, e.g., Hiley v. Ivy Tech Community Coll.*, 853 F.3d 339 (7th Cir. 2017) (sexual orientation discrimination is actionable under Title VII); *Zarda v. Altitude Express, Inc.*, 855 F.3d 76 (2d Cir. 2017) (sexual orientation discrimination is not actionable), *reh'g en banc granted*, No. 15-3775, doc. 271 (May 25, 2017) (to reconsider its position). The Supreme Court, however, denied *certiorari*, *Evans v. Ga. Regional Hosp.*, 2017 WL 4012214 (U.S. Dec. 11, 2017), making the Eleventh Circuit's decision in the case final in this

---

F. App'x 672, 674 (11th Cir. 2015). This Court has noted that there is disagreement among jurists about whether timeliness and exhaustion are pleading requirements. *See Dawkins v. J.C. Lewis Primary Health Care*, 2015 WL 1607989 at * 2 (S.D. Ga. April 8, 2015) (citing *Luckey v. Visalia Unified Sch. Dist.*, 2014 WL 730699 at * 2 (E.D. Cal. Feb. 24, 2014)). Even assuming that they are, however, Oliver has pled sufficient facts to support both.

Circuit.

In other words, discrimination on the basis of sexual orientation is not actionable under Title VII in this Circuit. Oliver's Complaint thus fails to state a claim and should be **DISMISSED**. While normally a *pro se* plaintiff would be granted leave to amend, Oliver's claim is dead on arrival and does not appear amendable.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

[2] Despite the lack of any apparent basis for viable amendment, Oliver's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

4

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  14th  day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA